UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ray Kouza et al.,

    Plaintiff,

v.

United States of America,

    Defendants.

Case No. 21-12790
District Judge Gershwin A. Drain
Magistrate Judge Jonathan J.C. Grey

_____/

### ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS (ECF No. 26)

Ray Kouza and Dalia Kouza brought this complaint against the United States for withholding a tax refund. (ECF No. 1.) Plaintiffs allege that the claim for refund was timely filed and that they are entitled to the refund. (*Id.*)

On December 13, 2022, the government filed a motion to compel Ray Kouza to attend a deposition and for sanctions due to Ray Kouza's failure to appear at a properly noticed deposition under Federal Rule of Civil Procedure 37. (ECF No. 26.) Subsequent to the filing of the government's motion, Ray Kouza was deposed; thus, the government's motion to compel is **DENIED AS MOOT**. For the following reasons, the government's motion for sanctions is **GRANTED**.

The government gave notice to the plaintiffs on November 23, 2022 that Ray Kouza's deposition was to occur on December 7, 2022 at 9:00 am. (ECF No. 26-4.) Since discussions on scheduling the deposition began, the plaintiffs have made their intentions to dispute the deposition known. (*See* ECF No. 28-1.) Further, on December 5, 2022 at 2:40 pm, the plaintiffs informed the government that Ray Kouza did not intend to appear for the deposition scheduled on December 7, 2022. (ECF No. 28-3.) Plaintiffs reiterated Ray Kouza's plans when the government informed them of its intent to send an attorney to take the in-person deposition anyway. (ECF Nos. 28-4, 28-5.) The plaintiffs also filed a motion for protective order on December 5, 2022. (ECF No. 23.)

It is within the district court's discretion to award reasonable expenses and fees as a sanction for a party's failure to appear at a deposition. *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 446, 448 (6th Cir. 2020) (citing Fed. R. Civ. P. 37(d)(1)(A)(i)). Filing a last-minute motion for protective order will not protect a party against sanctions for failure to appear. *Id.* at 447. In *EMW Women's Surgical Center*, the defendants waited until the night before to file a motion for protective order. *Id.* While the plaintiffs here gave more advanced notice than that, they still waited until December 5, 2022 to file a motion for protective order, two days before the deposition was to occur. The plaintiffs knew of the government's intention to depose Ray Kouza since at least November 14,

2

2022. (ECF No. 28-1.) The Court finds the plaintiffs' actions here amount to a "last-minute" filing like in *EMW Women's Surgical Center*. *See* 978 F.3d 418, 447.

Reasonable expenses under Rule 37 do not include expenses that "could have been avoided and were self-imposed." *Id.* (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987)). However, it is reasonable to expect a properly noticed party to appear for a deposition. *Id.* at 447–48. This is true, even when the party failing to appear has given advanced notice of their intentions to avoid the deposition. *Id.* Therefore, travel expenses can be a reasonable expense under Rule 37. *Id.* The Court finds that the government's travel expenses are a reasonable expense under Rule 37. *See id.*

Had the plaintiffs filed a motion for protective order earlier, there might be no need to grant sanctions. *See id.* at 447 (stating that a pending motion for protective order can excuse a failure to appear). However, they waited to file the motion until two days before the deposition was to take place. The plaintiffs did clearly state their intentions from the beginning to contest the deposition. (ECF No. 28-1.) But, they also knew about the government's intention to depose Ray Kouza since at least November 14, 2022. (*Id.*) They could have filed a motion well before December 5, 2022. Thus, the Court finds, just as in *EMW Women's Surgical Center*, that the late filing of the motion for protective order does not excuse Ray

3

Kouza's failure to attend the deposition and the government's travel expenses are reasonable under Rule 37. *Id.*

The Court **GRANTS** the government's motion for sanctions (ECF No. 26). The government **SHALL** submit a bill of costs to the Court for review, **not later than March 31, 2023**.

    **SO ORDERED.**

Dated:  March 7, 2023              s/**Jonathan J.C. Grey**
                                                   Jonathan J.C. Grey
                                                   United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2023.

<u>s/ **J. Owens**</u>
Julie Owens
Case Manager
