UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY KOUZA and DALIA KOUZA,

      Plaintiffs,

v.

Case No.: 21-12790
Honorable Gershwin A. Drain

UNITED STATES OF AMERICA,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#44]

### I.   INTRODUCTION

Plaintiffs Ray and Dalia Kouza filed the instant action for a tax refund based upon losses claimed for three of Mr. Kouza's flow-through businesses in 2015. Now before the Court is the Defendant United States of America's Motion for Summary Judgment, filed on March 17, 2023. Plaintiffs filed their Response on April 7, 2023, and Defendant filed its Reply on April 20, 2023. Upon review of the parties' submissions and the relevant authority, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the Government's Motion for Summary Judgment on the briefs. *See* E.D.

Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

In 1989, Mr. Kouza started his first business, Main Party Store, where he managed the day-to-day operations of the store. In 1993, Mr. Kouza saved enough money from the Main Party Store to purchase and own new properties; however, he has not managed the day-to-day operations of any of these subsequent businesses. Mr. Kouza relies on managers to run the day-to-day operations of these businesses. He also relies on his business partners or accountants to undertake the bookkeeping for his businesses. In 2015, Mr. Kouza held an ownership interest in at least 49 businesses, including numerous commercial rental properties, hotels, supermarkets, liquor stores, a pet store and a bingo hall.

On October 14, 2016, the Kouzas filed their Form 1040 individual income tax return for the tax period ending December 31, 2015. The Kouzas' original return did not claim losses for the following businesses: Monroe Store, Inc., Manistee Business, Inc., and Milford Shopping Center, LLC. At the time the Kouzas filed their original return, their 2013 and 2014 tax returns were under audit. Mr. Kouza did not claim losses for his 2015 return because he was "not sure whether he had sufficient basis [in the businesses] to cover for the losses." ECF No. 44, PageID.464.

On October 30, 2017, the Kouzas submitted to the IRS a claim for refund for tax year 2015 on Form 1040X. The Kouzas indicated on the Form 1040X that they were amending the original return "to reflect Schedule C mistakenly omitted" and "to include the correct cost basis." ECF No. 1, PageID.7. The majority of the Kouzas' claim for refund was based on losses at the Monroe Store, Inc., Manistee Business, Inc., and Milford Shopping Center, LLC businesses. *Id.* Monroe Store claimed losses of $220,140.00, while Manistee Business claimed $2,110.00 in losses and Milford Shopping Center claimed $6,111.00 in losses. The losses for these businesses were shown on Schedules K-1 issued by the businesses to Mr. Kouza based on his partial ownership interest in each. ECF No. 44, PageID.579-581. The Kouzas assert the IRS has not denied their request for a refund to date.

During the discovery period in this matter, Plaintiffs failed to produce any original source documentation to prove their claimed expenses for the subject businesses. As to the Monroe Store, Mr. Kouza testified that when the store was closed, all of the business records were "lost" or "probably got dumped because we scrapped everything." ECF No. 1, PageID.427-428; 447, 456. Mr. Kouza further testified that he looked for the original source records for the Manistee Business, however he "didn't find anything." *Id*., PageID.450, 459. As to the Milford Shopping Center, Mr. Kouza testified that he did not know how the records were sent to the accountant; however, they were sent on a yearly basis. *Id*., PageID.

459-460. Mr. Kouza's accountant for the subject businesses testified that he relied on profit and loss statements, as well as payroll records to prepare the businesses' returns. *Id.*, PageID.631, 634. The tax preparer further testified that he did not refer to bank statements, general ledgers, or canceled checks and the subject businesses' bookkeeping was performed in-house, thus he had "no personal knowledge" concerning how the businesses' profit-and-loss and payroll information was prepared. *Id.*, PageID.636. Additionally, during the discovery period in this matter, the Defendant served one set of requests for admissions on Plaintiffs, who never responded to the requests.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### B. Defendant's Motion for Summary Judgment

Defendant argues it is entitled to summary judgment because Plaintiffs cannot meet their burden to prove their right to a refund for the tax year 2015 when they have not produced any source documentation to substantiate the claimed business expenses and losses. Rather, Plaintiffs' sole documentation supporting their claim for refund consists of profit and loss statements produced by the businesses' tax preparer and generated by QuickBooks, a software product.

As an initial matter, Plaintiffs' respond that the Court should "deny the Defendant's Motion for Summary Judgment and, instead, grant the Plaintiffs' Summary Judgment…." ECF No. 48, PageID.873. Plaintiffs' request for summary judgment violates this Court's scheduling order, which required dispositive motions to be filed no later than March 17, 2023. Plaintiffs have not moved for summary judgment, thus their request for summary judgment in their favor is an attempt to circumvent this Court's deadline.

In their response, Plaintiffs' also dispute that they have failed to produce any documents in this matter. They rely on the QuickBooks summaries prepared by

the tax preparer for the subject entities and assert contemporaneous business records kept in the normal course of business substantiate Plaintiffs' expenses and losses for 2015. Finally, Plaintiffs maintain that even if this Court were to conclude the QuickBooks summaries are insufficient substantiation for their claimed refund, there is sufficient information for a trier of fact to reasonably calculate losses under the Cohan Rule.

In a tax refund suit, plaintiffs bear the burden of proving by a preponderance of the evidence that they are entitled to a refund. *Dargie v. United States*, 742 F.3d 243, 245 (6th Cir. 2013). "An income tax deduction is a matter of legislative grace and … the burden of clearly showing the right to the claimed deduction is on the taxpayer." *United Dairy Farmers, Inc. v. United States*, 267 F.3d 510, 516 (6th Cir. 2001) (citing *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992)). Taxpayer-plaintiffs bear the "burden of demonstrating entitlement to claim a deduction for … an ordinary business expense under 26 U.S.C. § 162, or … a business loss under 26 U.S.C. § 165(c)(1)." *Tigrett v. United States*, 213 F. App'x 440, 443 (6th Cir. Jan. 12, 2007).

Taxpayers seeking a refund "shall keep such permanent books of accounts or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." 26 C.F.R. § 1.6001-1. Taxpayers are

required to retain such records "so long as the contents thereof may become material in the administration of any internal revenue law." 26 C.F.R. 1.6001-1(e).

Plaintiffs assert that they have provided sufficient substantiation of their claimed expenses and losses by producing the QuickBooks summaries prepared by their accountant. "[H]owever, taxpayers are not relieved from the responsibility of retaining the hardcopy records from which the computer records were derived; i.e., bills, invoices, etc. received in the ordinary course of business." *Kraus v. Comm'r*, 85 TCM (CCH) 750, 2003 Tax Ct. Memo LEXIS 9, *20 (2003) (citing Rev. Pro. 98-25, § 11.01, 1998-11 I.R.B. 7 (Mar. 16, 1998)) (concluding Quicken computer records do not establish the expenses claimed, thus petitioner-taxpayers are not entitled to the claimed deductions). "Generally, a taxpayer proves payment of an amount by producing a canceled check," or "an account statement prepared by a financial institution, or other evidence of payment." Rev. Proc. 92-71, 1992-35 I.R.B. 17 (Aug. 31, 1992). In this case, Plaintiffs have failed to produce any canceled checks or bank statements evidencing expense payments on behalf of the subject businesses.

Furthermore, "[a] taxpayer should also keep any other documents that may help prove entitlement to a tax deduction (for example, receipts, sales slips, charge slips, payment acknowledgements, check registers, and carbon copies of checks)." *Id.* § 5.01. Plaintiffs offer none of these established forms of substantiation. The

7

IRS instructs business owners like Mr. Kouza that they "must keep supporting documents" and provide a list, including records showing gross receipts (e.g., cash register tapes), inventory (e.g., credit card sales slips), and expenses (e.g., canceled checks and invoices). IRS Publication 583, Starting a Business and Keeping Records (Jan. 2021), pp. 12–13, available at www.irs.gov/pub583. Plaintiffs offer none of these supporting documents.

Courts frequently reject attempts to substantiate deductions with prepared summaries without supporting documents. *E.g., Krieger v. Comm'r*, T.C. Memo. 1993-347, 1993 WL 300706, at *3 (Aug. 9, 1993) (losses disallowed with "no evidence other than the ledger sheet … and [his] general testimony"), aff'd 64 F.3d 657 (Table) (4th Cir. 1995); *Benavides & Co., P.C. v. Comm'r*, T.C. Memo. 2019-115, 2019 WL 4257012, at *10 (Sept. 9, 2019) (deductions disallowed where only documents were "general ledgers, which contain limited information … devoid of receipts, invoices, canceled checks, or other business records"). By contrast, Plaintiffs fail to cite any tax-law cases concluding that documents like the QuickBooks summaries are proper substantiation for taxpayers.

Plaintiffs' argument that the QuickBooks summaries "[a]re the same reporting that Plaintiffs ha[ve] used for decades without issue" ECF No. 48, PageID.880, is unavailing. An accountant's reliance on computer summaries to prepare tax returns is not commensurate with the type of documentary evidence

8

needed for substantiation. For instance, the Tax Court found substantiation lacking when a taxpayer offered "hundreds of accounting records from an electronic database as replacements for source documents." *Jasperson v. Comm'r*, T.C. Memo. 2015-186, 2015 WL 5729803, at *4 (Sept. 22, 2015); *see also Deutsch v. Comm'r*, T.C. Memo. 2012-318, 2012 WL 5634188, at *4 (Nov. 15, 2012) (losses disallowed despite accountants' "workpapers" absent "critical supporting documents").

Additionally, Plaintiffs' assertion that the QuickBooks summaries qualify as business records under Fed. R. Evid. 803(6)'s hearsay exception is irrelevant. Evidentiary standards do not equate to tax substantiation standards. *See Estate of Cape v. United States*, No. 11-C-0357, 2015 U.S. Dist. LEXIS 134785, *36 (E.D. Wis. Oct. 2, 2015). However, even if the QuickBooks summaries could substantiate business losses, Plaintiffs have failed to establish Fed. R. Evid. 803(6)'s elements with the testimony of a custodian or someone "familiar with the record-keeping procedures of the organization." *See Applebaum v. Target Corp.*, 2015 WL 13050013, at *3 (E.D. Mich. Sept. 9, 2015) (quoting *Dyno Constr. V. McWane, Inc.*, 190 F.3d 567, 576 (6th Cir. 1999)).

When confronted with monthly QuickBooks summaries for the Monroe Store, Ray Kouza testified that he had no personal knowledge of how they were created or on what source records they were based. *See* ECF No. 50, PageID.1388-

1393 (144:19-25 (no "personal knowledge of the creation of" or "other supporting documents that were used to create" deposition exhibit 33), 149:3-5 ("Q. Looking at Exhibit 34, you don't have any personal knowledge of how this document was created? No."), 149:19-20 ("Q. How was [Exhibit 35] created? A. I don't know."). Similarly, the tax preparer testified that he had no knowledge concerning how the QuickBooks summaries were generated. *See* ECF No. 44, PageID.636.

Finally, Plaintiff's are not entitled to rely on the Cohan Rule. The Sixth Circuit has never "accepted or rejected the Cohan rule" for substantiation of business expenses. *See Concord Control, Inc. v. Comm'r*, 615 F.2d 1153, 1156 (6th Cir. 1980). Courts invoking the rule should "bear heavily upon the taxpayer whose own failure to keep records has created the dilemma." *Mercure's Estate v. Comm'r*, 48 F.2d 922, 923-24 (6th Cir. 1971). In order to benefit from the rule, a "taxpayer must present evidence sufficient to provide some rational basis upon which an estimate may be made." *Browne v. Comm'r*, T.C. Memo. 1998-14, 1998 WL 6466, at *1 (Jan. 12, 1998). Here, the QuickBooks summaries are conclusory, and are devoid of transactional detail. As no expense is proven with source documents, an estimate cannot be rationally derived. *See Verma v. Comm'r*, T.C. Memo. 2001-132, 2001 WL 617220, at *5 (June 6, 2001); *Jensen v. Comm'r*, T.C. Memo. 2010-143, 2010 WL 2594997, at *4 (June 28, 2010).

### IV.   CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Summary Judgment [#44] is GRANTED.

SO ORDERED.

Dated: October 30, 2023  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 30, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager